# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-495-RJC-DCK

| | |
|---|---|
| **FAMILY DOLLAR, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**INTERFACE SECURITY SYSTEMS, L.L.C.,** )<br>)<br>**Defendant.** )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Interface Security Systems, L.L.C.'s Motion To Seal" (Document No. 30) filed September 18, 2020 This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting Plaintiff's consent, the undersigned will grant the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.**

> **(a)**    *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)**    *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.
>
> **(c)**    *Motion to Seal or Otherwise Restrict Public Access*. A

party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

Local Rule 6.1. It appears that the requirements of Local Rule 6.1(c)(1) through (4) have been met.

Having considered the factors provided in Local Rule 6.1(c), the Court will grant the motion to seal. Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See Local Rule 6.1(e).

**IT IS, THEREFORE, ORDERED** that "Defendant Interface Security Systems, L.L.C.'s Motion To Seal" (Document No. 30) is **GRANTED**. Unredacted versions of Exhibits 1, 2, 3, 7, 8, 11, 12, 13, 14, 15, 16, 17, and 18 to the Declaration of Michael Shaw; and Exhibits A, B, C, and D to the Declaration of Brent Duncan; shall remain under seal until otherwise ordered by the Court.

Signed: September 21, 2020

David C. Keesler
United States Magistrate Judge